**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHERIE SAFAPOU, individually, and as the parent and natural guardian of J.S.D., a minor,

        Plaintiff-Appellant,

  v.

MARIN COUNTY, California; et al.,

        Defendants-Appellees.

No. 18-15387

D.C. No. 4:17-cv-07042-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Cherie Safapou appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims arising out of state court divorce, custody, and restraining order proceedings. We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Safapou's action for lack of subject matter jurisdiction because it is a "forbidden de facto appeal" of state court divorce, custody, and restraining orders, and raises issues that are "inextricably intertwined" with those orders. *Noel*, 341 F.3d at 1158, 1163; *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation and internal quotation marks omitted)); *Carmona v. Carmona*, 603 F.3d 1041, 1050-51 (9th Cir. 2010) (*Rooker-Feldman* doctrine barred plaintiff's claims seeking to enjoin state family court orders).

We do not consider documents not filed with the district court, *see United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990), or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    18-15387